UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEST HAND ENTERTAINMENT, LLC,

        Plaintiff,                           No. 12-12786

v.                                     District Judge Gerald E. Rosen
                                        Magistrate Judge R. Steven Whalen

WIDE AWAKE-DEATHROW
ENTERTAINMENT, LLC, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER**

This is action involves claims for copyright infringement, trademark infringement, and breach of contract. Before the Court is Plaintiff's Motion Regarding Miscellaneous Discovery Relief [Doc. #34].

In its motion, Plaintiff seeks the following relief:

(1) An order compelling Defendants to "perform a detailed search for all categories of requested items" and production of all non-privileged responsive items;

(2) An order compelling Defendants "to answer interrogatories in good faith;"

(3) An order deeming admitted all unanswered requests for admissions;

(4) An order compelling Defendants to produce copies of "all insurance policies that may cover liability" in this case; and

–1–

(5) Discovery sanctions under Fed.R.Civ.P. 37.

At the Court's direction, the parties filed a Joint List of Unresolved Issues [Doc. #44], which narrowed the issues in dispute. The unresolved issues are:

1.   Insurance Policies

Plaintiff requested all of Defendants' insurance policies that "may cover liability" in this case. In their initial disclosures under Fed.R.Civ.P. 26(a)(1)(iv), Defendants stated that they have no "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In addition, Defendants have submitted the sworn declaration of Michael Healy [Doc. #39], the Executive Vice President and General Manager of Defendant Entertainment One US, LP, and Entertainment One GP, LLC ("eOne"). Mr. Healy states,

> "eOne did not identify an insurance policy in its Rule 26 disclosure because eOne is self insured in connection with this lawsuit. There is no policy covering this lawsuit. There was no claim under a policy. There was no rejection of a claim made under a policy. There are no due diligence procedures in place at eOne pursuant to requirements made by an insurance policy."

There you have it. There are no policies responsive to Plaintiff's request. Plaintiff may not like this answer, but Defendants cannot produce what they do not have. The request to compel insurance policies is DENIED.

2. Document Requests

At issue is Request No. 25 of Plaintiff's Second Request for Production, which seeks "[a]ll other documents, electronically stored information, or things concerning the Asset Purchase Agreement attached as exhibit 2 to plaintiff's request for admissions served March 1, 2013. Defendants state in response to Plaintiff's request "for an unredacted copy of a very specific unexecuted asset purchase agreement filed in a Canadian Court by a Canadian Monitor," that they do not have that document. They do have, however, and have offered to produce, a subsequent executed version of the asset purchase agreement, in exchange for a soft-cover version of a book that is the subject of the complaint. Plaintiff had agreed to produce the book on an attorneys' eyes only basis.

Ordinarily, the Court does not rule on discovery requests that were not made, nor does it decide discovery issues on a quid pro quo basis. Nevertheless, in the interests of judicial economy, and in light of the reality that both the book and the asset purchase agreement are discoverable, I order (a) that Defendants will produce to Plaintiff a copy of the executed version of the asset purchase agreement, and (b) that Plaintiff produce to Defendants a soft-cover copy of the book, subject to an attorneys' eyes only protective order.

3. Requests to Admit

At issue are Requests to Admit 18, 22, 23, 26, 27, 29, 58, 91, 93, 94, 99, and 200, appended to the Joint List as Exhibit A. Plaintiff argues that Defendants did not respond

to the Requests to Admit, but asserted objections. Then, 45 days after the Requests were served, Defendants filed denials. Defendants state that their objections were timely filed within 30 days, and that they properly supplemented their responses with denials. The supplemental responses are appended to the Joint List as Exhibit B.

Under Fed.R.Civ.P. 36(a)(5), and objection is a proper response to a Request to. Admit. Defendants' response was therefore timely. In addition, Rule 36(b) provides that the Court may permit a response to be amended, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." I am so persuaded. Moreover, insofar as "[t]rials on the merits are favored in federal court," *Berthelson v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990), I am disinclined to deem admitted requests that would be dispositive of the case. Accordingly, Plaintiff's motion to deem these Requests admitted is DENIED.

IT IS SO ORDERED.

Dated: March 31, 2014                    s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parites of record on March 31, 2014, electronicallty and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable R. Steven Whalen